**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
*Johnson Controls*
242-03 Northern Blvd.
Suite 201
Little Neck, N.Y. 11362
(718) 819-8667
Attorney: Lawrence C. Glynn (LG 6431)
CG File No.: 42.100319.01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JOHNSON CONTROLS ENTERPRISES
MEXICO S. DE R.L. DE C.V.,
And Interested Subrogated Underwriters,

Case No.:      19 Civ.  11157 (      )

Plaintiff,

**VERIFIED
COMPLAINT**

-against-

DACHSER USA AIR & SEA LOGISTICS INC.,

Defendant.

-----------------------------------------------------------------x

Plaintiff JOHNSON CONTROLS ENTERPRISES MEXICO S. DE R.L. DE C.V.,

("Johnson" or "Plaintiff") and its Interested Subrogated Underwriters, by its attorneys, **CARUSO**

**GLYNN, LLC**, alleges, upon information and belief, as follows:

### The Parties

1.      Johnson is a foreign business entity and/or corporation existing under and pursuant

to the laws of Mexico with an office and place of business located at Monterrey, Nuevo Leon,

Mexico.

2.      Defendant, DACHSER USA AIR & SEA LOGISTICS INC. (hereinafter "Dachser"), is a business entity and/or corporation existing under and pursuant to the laws of the State of New York which operates as a common carrier of goods with an office and place of business at 20 West Lincoln Avenue, Suite 206, Valley Stream, New York 11580.

## Jurisdiction

3.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4.      This Court has jurisdiction over this matter pursuant to a choice of law and forum selection agreement between the parties.

5.      Alternatively, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

6.      This Court has in personam jurisdiction over each of the captioned defendants who conduct business within the State of New York, and within the United States as a whole within the meaning of Rule 4(k)(2) of the Federal Rules of Civil Procedure, and were at all material times engaged in the business of carriage of cargo for hire and/or the provision of services related thereto, and/or were bailees or warehousemen.

## Background

7.      On or about February 26, 2016, Johnson's parent company, Johnson Controls, Inc., entered into a comprehensive Transportation Services Agreement ("TSA") with Dachser, a copy of which has been annexed hereto as Exhibit A and is hereby incorporated by reference.

2

8. The TSA requires that Dachser be responsible for the "transportation, logistics and other related services with respect to JOHNSON CONTROLS' freight from and to points specified by JOHNSON CONTROLS, for the prices and subject to the terms and conditions set forth in this Agreement. Exhibit A, p 1.

9. Plaintiff is listed in the TSA as a subsidiary and/or affiliated company of Johnson Controls, Inc. and is entitled to all rights, benefits, protections and obligations set forth therein. See Exhibit A at p 1, §1 and p 32.

10. At all times relevant, Johnson was the beneficial owner, receiver and/or consignee of a certain shipment of cargo originating in Zwickau, Germany and transported pursuant to Dachser's bill of lading to Altamira, Tamaulipas, Mexico (the "Cargo"). A copy of the bill of lading has been annexed hereto as Exhibit B.

11. At all times relevant, the Cargo was in the exclusive care, custody and control of Dachser, its agents, employees, servants and/or affiliated entities,

12. The Cargo was loaded into Container No. TCLU6013596 and consisted of the following:

- One (1) assembling machine of batteries with accessories for the assembly and encapsulation of Pb matter on H5, H6, Hz and H8 sizes;

- Wooden box No. 4, containing an assembly station, electric transformer, assembly equipment, stepladder equipment;

- Wooden Box No. 5, containing a loader module, sprue station, transport carriages, change tools and equipment.

13. On August 3, 2017, Container No. TCLU601O3596 was loaded onto a low bed flat rack truck at the ATP Terminal in Altamira.

3

14.     Due to the negligent operation of the truck, the truck and its cargo overturned.

15.     As a result of the force of impact following the truck overturn, the Cargo suffered extensive physical damage.

## First Cause of Action
## (Breach of Contract)

16.     The damage and/or loss of the product in suit was caused in whole or in part by Defendant's fundamental breaches of, and deviations from, the terms of the governing contracts of carriage including the TSA and a Dachser issued bill of lading number 11930302580 dated July 3, 2017.

17.     Said breaches and deviations included (a) Defendant's failure to deliver the cargo as scheduled to Johnson and/or its designated consignee(s); (b) the failure to properly care for the cargo between the time of receipt of the cargo at the place of shipment and the time of eventual delivery, and (c) the eventual delivery of the cargo in a short, missing and depreciated condition.

18.     By reason of the premises, Plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $640,733.00.

## Second Cause of Action
## (Breach of Contract)

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" as though more fully set forth herein at length.

20.     Section 12.0 of the TSA states:

4

Unless [Dachser] demonstrates that it has complied with its business continuity plan... it shall be responsible or liable, directly and indirectly, and be deemed in default or breach of this Agreement for any loss, damage, detention, delay or demurrage resulting in a failure to perform under this Agreement.

21.     Defendant's failure to deliver the cargo as scheduled to Johnson and/or its designated consignee(s) and/or its failure to properly care for the cargo between the time of receipt of the cargo at the place of shipment and the time of eventual delivery and/or the eventual delivery of the cargo in a short, missing and depreciated condition constituted a breach of the TSA.

22.     By reason of the premises, Plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $640,733.00.

## Third Cause of Action
## (Breach of Indemnity Agreement)

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" as though more fully set forth herein at length.

24.     Section 10.0 of the TSA states:

To the fullest extent permitted by law and subject to any limitation set forth in this Agreement on the liability of either party, [Dachser] shall indemnify, defend and hold JOHNSON CONTROLS harmless from any and all claims (including third-party claims), demands, liability, loss or damage [of] any kind (including, but not limited to, loss of or damage to goods tendered for transportation by JOHNSON CONTROLS) arising in any manner out of and/or attributable to the operations, acts or omissions of [Dachser], including without limitation, all delay and direct and indirect losses including liquidated damages incurred by JOHNSON CONTROLS as a result of [Dachser's], or any of its agents, carriers, contractors, Controlled Affilliates, or any other party's [Dachser] engaged for provision of Services and all of their respective employees (collectively

5

"Forwarder's Party") operations, acts or omissions. Dachser shall not be liable to JOHNSON CONTROLS for any claims, actions or damages due to the sole negligence of JOHNSON CONTROLS.

25.    Plaintiff is an intended third-party beneficiary of the TSA and is entitled to the same benefits with respect to Dachser's liability to JOHNSON CONTROLS. See TSA, §1.0.

26.    Despite repeated demands, Dachser has refused to honor its agreement and indemnify Plaintiff for damages sustained to the Cargo despite its contractual obligation to do so.

27.    By reason of the premises, Plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $640,733.00.

## Fourth Cause of Action
### (Bailment)

28.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" as though more fully set forth herein at length.

29.    Defendant, Dachser, was entrusted with the carriage and transport of the Cargo owned by Plaintiff.

30.    Said Cargo was received by Dachser in good order and condition.

31.    The possession of the aforementioned Cargo by Dachser created a bailment.

32.    Through no fault of Plaintiff, the Cargo was damaged, destroyed and/or rendered useless whilst in the possession of defendant Dachser.

33.    As a result of Dachser's breach of this bailment, Plaintiff, and those on whose behalf they sue, have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $640,733.00.

6

34.    Johnson and its subrogated underwriters, are entitled to recover that amount from the

defendant.

## Fifth Cause of Action
### (Consequential Damages)

35.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "34" as though more fully set forth herein at length.

36.    Section 11.1 of the TSA states:

> The parties have agreed that [Dachser] shall be subject to consequential, special, indirect and incidental damages when shipments are lost, damaged or delivered outside the agreed upon transit times that was not as a result of [JOHNSON's] negligence, but only to the extent such loss, damage or late delivery was caused by [Dachser's] negligence.

37.    Consequential damages under the TSA are limited to $12,000.00.

38.    By reason of the premises, Plaintiff, and those on whose behalf they sue, are entitled

to consequential damages in the amount of $12,000.00.


WHEREFORE, Plaintiff demands:

(a)    That process in due form of law may issue against Defendant citing them to appear

and answer all and singular the matters aforesaid;

(b)    That judgment may be entered in favor of Plaintiff against Defendant on the First,

Second, Third and Fourth Causes of Action for the amount of $640,733.00, together with interest

and costs and the disbursements of this action;

7

(c)      That judgment may be entered in favor of Plaintiff against Defendant on the Fifth

Cause of Action for the amount of $12,000.00, together with interest and costs and the disbursements

of this action;

(d)      That this Court will grant to Plaintiff such other and further relief as may be just and

proper.

Dated: Little Neck, New York
          December 4, 2019

Yours, etc.,

**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
*Johnson Controls Enterprises*
*Mexico S. De R.L. De C.V.*

By: *Lawrence C. Glynn*

Lawrence C. Glynn (LCG-6431)
242-03 Northern Blvd.
Suite 201
Little Neck, N.Y. 11362
(718) 819-8667
*lglynn@carusoglynn.com*
CG File No.: 42.100319.01

8

## VERIFICATION

LAWRENCE C. GLYNN, under the penalties of perjury, hereby affirms:

That he is an attorney admitted to practice before the Courts of this State and is a member of the firm of CARUSO GLYNN, LLC, attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the maters set forth in the Verified Complaint in the possession of deponent.

Dated: Little Neck, New York
    December 4, 2019

_Lawrence C. Glynn_
Lawrence C. Glynn